Mary A. Delaney, Plaintiff in Error, *vs.* Daniel O'Connor, Exr., Defendant in Error.

*Opinion filed June 18, 1908.*

1. Laches—*when party is guilty of laches as respects a decree.* A daughter who has acquiesced for a period of fourteen years in a decree removing her mother as trustee of the estate and stating an account between the estate and the trustee is precluded by her delay from filing a petition, long after the mother's death, to vacate all orders and decrees in the cause and have a new accounting.

2. Same—*when defense of laches is raised by a motion to strike.* While, ordinarily, the defense of *laches* can only be interposed by demurrer, plea or answer, yet where a petition to vacate a decree shows on its face that the petitioner has been guilty of unreasonable delay, a motion to strike the petition from the files upon the ground that it shows on its face that it is without merit may properly be regarded by the court as a demurrer and the petition be stricken.

3. SAME—*what does not constitute a reasonable excuse for delay.* Unreasonable delay by a daughter in petitioning to vacate a decree stating the account between her mother, as trustee, and the estate, is not excused by the fact that she had expected to become the owner of her mother's property at the latter's death but that her expectations were not realized because of the alleged fraud and undue influence of a third person, to whom the mother devised all of her estate.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

GEORGE V. McINTYRE, for plaintiff in error.

BURTON & KANNALLY, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On October 3, 1906, Mary A. Delaney, plaintiff in error, filed her petition in a cause in chancery then pending in the circuit court of Cook county by which she sought to have certain decrees that had been entered in the cause vacated. On motion of opposing counsel the petition was stricken from the files. From the order striking, plaintiff in error appealed to the Appellate Court for the First District. The order was there affirmed, and she then sued out this writ of error.

Jeremiah Clowry died testate in Cook county some time prior to 1879. His will was admitted to probate. His wife, Anne Clowry, and his daughters (by his said wife) Mary A., who is the plaintiff in error, Ellen L., Elizabeth and Anna S. were beneficiaries. By that document he created a trust and appointed Robert S. Wilson and W. H. Clowry trustees. Before the trust was fully administered, and prior to June 3, 1885, both trustees died. On the date last mentioned the widow filed her bill of complaint in the circuit court of Cook county for an accounting, claiming

that there were large sums due her from the estate of the deceased and praying the appointment of a trustee in lieu of those deceased. To that bill the four daughters were made defendants and the cause is still pending in the circuit court. It appears from this petition filed in that cause that the plaintiff in error entered her appearance therein on December 3, 1885; that failing to answer she was defaulted and a decree *pro confesso* was entered against her on February 9, 1886. The cause was referred to a master, who stated the account, and in accordance with his report the court on December 5, 1889, entered a decree finding the sum of $7682.22 to be due to the widow. Prior to the entry of the decree of default the plaintiff in error joined her sisters in a request that the widow be appointed trustee, and an appointment was accordingly made. It appears from the petition that plaintiff in error had no actual notice of the hearing before the master, or of his report, or of the entry of the decree of December 5, 1889; that the sum found due to the widow by the decree last above mentioned included an item of several thousand dollars that was barred by the Statute of Limitations and included other items not properly chargeable against the estate of the deceased.

It further appears from the petition that on May 7, 1890, plaintiff in error and her sisters above mentioned filed a petition in the cause for the removal of their mother as trustee and asking that she be required to file a report of her acts and doings since the accounting hereinbefore referred to. The mother, as trustee, made a report, which was referred to a master, who made findings which were embodied in a decree entered January 14, 1892, by which the mother was given credit for the amount due her under the former decree, with interest, and charged with sundry receipts and credited with disbursements, and decreed to be entitled to the sum of $8987.55. By that decree she was also removed from her office of trustee. Thereafter she made a further accounting, bringing her transactions down

to the date of her removal, which resulted in a decree fixing the amount due her from the estate on January 14, 1892, at the sum of $7810.50. Thereafter, on September 15, 1897, further proceedings were had in the cause, the precise nature of which is not disclosed by the petition, which resulted in a decree finding that the amount then due from the estate to Anne Clowry was $5810.50, with interest from January 14, 1892, the effect of this decree being to credit the estate with the sum of $2000 as of the date last mentioned. Upon the amount so fixed by the decree of September 15, 1897, various sums were paid up to November 1, 1900, the total of such payments being $3667.86. On October 8, 1901, Anne Clowry died testate. Her will was admitted to probate. Daniel O'Connor was made executor and was substituted as party complainant in the chancery proceeding. Mrs. Clowry by her will devised and bequeathed all her property to her sister, Bridget Nolan, except that she gave one dollar to each of her daughters. Plaintiff in error and her sisters filed a bill to contest the will but were unsuccessful. The petition seeks to have the original account, the result of which was embodied in the decree of December 5, 1889, re-stated; to have all the decrees hereinabove referred to, which fix sums due Anne Clowry, vacated, and asks to have defendant in error decreed to refund such sums as were paid to Anne Clowry in her lifetime, in excess of the amounts actually due her.

Upon the motion to strike the petition, certain portions of the pleadings and of the record in the cause were read to the chancellor by counsel for defendant in error, over the objection of plaintiff in error. Such portions so read were embodied in a certificate of evidence taken and filed by plaintiff in error. The transcript of the record of the circuit court filed in the Appellate Court and in this court is far from complete. By the clerk's certificate it appears to be a transcript of the record in the cause "from and including October 2, 1906, to March 2, 1907." It is merely

a transcript of the record of the proceedings had upon the petition. It does not contain the bill, the will of Jeremiah Clowry, any master's report nor any of the decrees attacked. No reasons appear therefrom why the cause should have been pending in the circuit court for more than twenty years. In the Appellate Court the defendant in error, by motion, sought to take advantage of the absence of a complete record. That motion seems not to have been disposed of in that court, but the order of the circuit court was there affirmed on the theory that it did not appear from the petition that plaintiff in error was entitled to the relief sought. Defendant in error has not in this court assigned cross-errors upon the record of the Appellate Court or otherwise challenged the sufficiency of the transcript of the record of the circuit court.

Plaintiff in error contends (1) that the petition was dismissed in the circuit court on the ground that she had been guilty of *laches,* and that the court erred in giving defendant in error the benefit of that defense upon a motion to strike the petition, insisting that the question of *laches* could only be raised by demurrer, plea or answer; and (2) the circuit court erred in hearing evidence on the motion to strike.

On May 7, 1890, plaintiff in error joined in a petition for the removal of her mother as trustee and seeking to have the amount due her mother from the estate determined. Pursuant to that petition the mother was removed and a decree entered fixing the amount due the mother from the estate. The basis of the decree was the earlier decree of December 5, 1889. Plaintiff in error must be held to have known, from the decree so entered upon her initiative, the amount of the earlier decree. She acquiesced in the decree of January 14, 1892, until October 3, 1906,— a period of more than fourteen years. That decree was final in its character, so far as the condition of the account between Anne Clowry and the estate of her deceased hus-

band was concerned. This petition was not filed until long after the death of Anne Clowry. It is apparent from the petition itself that the plaintiff in error was guilty of such *laches* as barred her right, if any, to be relieved from the effect of the decree of December 5, 1889. It is true, as she suggests, that ordinarily *laches* can only be called to the attention of the court by demurrer, plea or answer, and the practice would have been more regular had defendant in error demurred. The motion to strike was placed on the ground that the petition showed on its face that it was without merit and might properly have been regarded by the circuit court as a demurrer. The consideration by the court of certain parts of the pleadings and certain parts of the record in the cause upon the hearing on this motion did plaintiff in error no harm. The petition itself was bad and the order striking was right, without any reference to the other matters so considered by the court.

Plaintiff in error, by her petition, naively states that she and her sisters knew that they would be the natural beneficiaries of Anne Clowry upon her death and expected that the decree fixing the amount due their mother would become their property at her decease; that their expectations in that respect would not have been disappointed but for the fraud and undue influence of Bridget Nolan, whereby their mother was induced to execute a will practically disinheriting her daughters, and that on account of such facts and expectations plaintiff in error and her sisters neglected to ascertain and seek to correct at an earlier date the wrongs practiced upon them. We do not think these averments present a valid excuse for the delay. The petition on its face shows the existence of other reasons sufficient to bar the relief sought. We have deemed it unnecessary to point them out or to state the petition in this opinion at such length as to make such other reasons fully appear.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*